IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03038-GPG

MARVIN DUDLEY,

    Plaintiff,

v.

SHERIFF TOM NESTOR,

    Defendant.

---

ORDER OF DISMISSAL

---

    Plaintiff Marvin Dudley currently is detained at the St. Louis County Justice Center in Clayton, Missouri. Plaintiff initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, when he was detained at the Lincoln County Jail in Hugo, Colorado. Plaintiff has been granted leave to proceed pursuant to § 1915.

    Magistrate Judge Boyd N. Boland reviewed the Complaint and entered an order on November 11, 2014, directing Plaintiff to amend and state when and what Defendant Tom Nester did to harm him and what specific legal right was violated. Plaintiff specifically was directed to amend the Complaint and state how Defendant Nestor's decision to place handles only on the outside of cell doors and his failure to ensure the integrity of the jail's grievance process violated Plaintiff's federal constitutional rights. Plaintiff filed an Amended Complaint on November 18, 2014.

The Court must construe the Amended Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110.

Subsection (e)(2)(B) of 28 U.S.C. § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co*, 398 U.S. 144, 150 (1970). The Court will dismiss this action as legally frivolous, for the reasons stated below.

Plaintiff asserts only one claim in the Amended Complaint that addresses the conditions of his confinement while he was detained at the Lincoln County Jail in Hugo, Colorado. He alleges Defendant Nestor was aware that the steel cell doors are not safe because an inmate cannot safely close the door. Plaintiff further asserts that while closing his cell door on October 10, 2014, his thumb was crushed between the steel door and the door frame. Plaintiff contends that had Sheriff Nestor installed interior handles, like other doors throughout the jail, Plaintiff's injury would not have occurred. Plaintiff further contends that Defendant Nestor is responsible for the safety of all detainees at the jail, and he acted knowingly, willingly, and wantonly when he disregarded this dangerous condition. Plaintiff seeks the installation of interior door handles and money damages.

Plaintiff fails to state specifically what federal constitutional right Defendant Nestor violated. Plaintiff states that this case involves "negligence," Am. Compl., ECF No. 10, at 3, that Defendant Nestor failed to exercise "reasonable diligence" in not installing handles on the interior side of the cell doors, *id.* at 4, and that Defendant Nestor acted knowingly, willingly, and wantonly when he disregarded this dangerous condition, *id.* at 5. Plaintiff refers generally to his "constitutionally protected right to seek and obtain safety." *Id.* at 4. Nonetheless, " 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Parrus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Liberally construing Plaintiff's claims, and considering he is a pretrial detainee, the Court finds he is asserting a Fourteenth Amendment claim.

In the Tenth Circuit, a pretrial detainee's due-process clause rights parallel that of an inmate's Eighth Amendment rights: "Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment. In determining whether appellant's rights were violated, however, we apply an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983." *Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (1999) (citations omitted). Jail officials are responsible for taking "reasonable measures to insure the safety of [detainees]." *Id.* at 759. (citation omitted). "In fact, the due process rights of a person in [this] situation are at least as great as the Eighth Amendment protections available to a convicted prisoner." *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). The Eighth Amendment, therefore, provides the analytical framework for addressing Plaintiff's claims. *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998).

The core areas entitled to protection by the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992) (citations omitted). Jail conditions are "sufficiently serious" if inmates are "incarcerated under conditions posing a substantial risk of serious harm." *DeSpain v.Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001) (citing *Farmer*, 511 U.S. at 834) (quotations omitted). The Eighth Amendment is violated if prison officials act with deliberate indifference to an inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825 (1994). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Based on the following findings, Plaintiff fails to state that Defendant Nestor subjected him to an injury that is sufficiently serious. Analyzing whether the plaintiff has satisfied the first element, the objective element, "requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such an injury to health will actually be caused." *Helling v. McKinney*, 509 U.S. 25, 36 (1993). Courts should also consider "whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Id.* (emphasis in original). "In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id.*

Plaintiff's claim involves an incident that happened on one occasion. The injury, as described by Plaintiff included, "excruciating pain and "trauma caused haematoma in the nail swelling and discoloration, followed by total loss of nail." Am. Comp., ECF No.

10, at 5. Plaintiff contends that he remained in danger of further injury because he was required to close the cell door each day without the use of an interior handle.

Even though Plaintiff incurred excruciating pain when he closed the steel door on his thumb and lost his right thumb nail, nothing Plaintiff asserts demonstrates that he was subjected to a substantial risk of serious harm. Plaintiff was required to close the door without the use of a handle each day, yet for the three months that he was housed at the jail he was hurt only on one occasion. Plaintiff states he received medical treatment, and he does not complain that he suffers any continuing problems associated with the injury. Society would not consider Plaintiff's risk so grave that it violates contemporary standards of decency to expose him unwillingly to such a risk. *Helling*, 509 U.S. at 36. The Court, therefore, will dismiss the Complaint and Plaintiff's request for money damages as legally frivolous, because Plaintiff fails to state a violation of his Fourteenth Amendment rights. Furthermore, because Plaintiff no longer is detained at the Lincoln County Jail, his request that an interior door handle be installed is denied as moot.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and this action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  30th  day of   December  , 2014.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court